**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOANN DUNNOM, et al., | : | CASE NO. C-1-02-*024* |
| **Plaintiff** | : | **JUDGE SPEIGEL** |
| **-vs-** | : | |
| DAVID BENNETT, et. al. | : | **FINAL PRETRIAL** |
| | : | **ORDER** |
| **Defendants.** | : | |

I.      **APPEARANCES:**

For Plaintiff:    Ivan L. Tamarkin, Esq.
                  Second National Building
                  830 Main Street, Suite 999
                  Cincinnati, Ohio 45202
                  (513) 381-6555
                  (513) 345-4703 (fax)

For Defendant:  Augustine Giglio, Sr. Asst. City Solicitor (0031911)
                  Nicole D. Quick, Asst. City Solicitor (0065224)
                  City Hall, Room 214
                  801 Plum Street
                  Cincinnati, Ohio 45202
                  (513) 352-3334
                  (513) 352-1515 (fax)

II.     **NATURE OF ACTION AND JURISDICTION**

A.  This is an action for sex discrimination under Title VII of the Civil Rights
    Act of 1964 as amended, 42 U.S.C. §2000 and Ohio Revised code §4112
    and retaliation under Title VII and O.R.C. § 4112.

B.  The jurisdiction of the Court is invoked under Title 28, U.S.C. § 1331.

C.  The jurisdiction of the Court is not disputed.

**III.     TRIAL INFORMATION**

    A. The estimated length of trial is 4 days.

    B. Trial to the jury has been set for March 16, 2004.

**IV.     AGREED STATEMENT AND LISTS:**

    A.    General Nature of the Claims of the Parties

        1.    <u>PLAINTIFF'S CLAIMS</u>:

Plaintiff asserts in Count 1 a right of recovery for Defendants negligence as follows:

        a.    Defendants discriminated against Plaintiff because of her sex when he treated her differently with regard to her review and with regard to her accommodation by assigning her to different routes than male employees who needed accommodations.

        b.    Defendant, David Bennett, as an Agent of the City of Cincinnati and other employees at the City of Cincinnati discriminated against her due to her sex when they treated her differently with regard to assignment of routes, training, help with changing of tires, and other problems with automobiles.

Plaintiff asserts in Count 2 a right of recovery against Defendants for wanton and willful misconduct as follows:

        a.    The Defendant, Dave Bennett and others created a hostile work environment by belittling the Plaintiff, harassing her and treating her differently than male employees.

Plaintiff assets in Count 3 a right to punitive damages and attorney fees for the following reasons:

a.    As a result of the sex discrimination, the hostile sexual environment and the retaliation the Plaintiff was not able to work as a Meter Reader, lost wages, suffered emotional stress and lost benefits.

b.    Plaintiff is entitled to punitive damages against the individual Defendant, David Bennett under the Ohio law.

2.    DEFENDANT'S CLAIMS:

Plaintiff, Joanne Dunnom, is female who has worked for the City of Cincinnati since 1989.  She was promoted to the Water Works department as a Meter Reader on February 21, 2000.  Plaintiff's quality of work did not improve during her first year of employment as a meter reader.  Therefore, she was not recommended for a pay step increase.  As early as May 2000, Plaintiff's probationary progress report indicated her quality of work needed improvement, in particular, coding errors.  At that time, it was noted that her shortcomings included not completing routes, preventable injury, and coding errors.   In August 2000, Plaintiff's final probationary review was completed. This report indicated that she needed to reduce the number of misreads and improve her code usage.  The rater indicated that great improvement in the area of code usage was necessary for Plaintiff to receive her pay step on her anniversary.

Plaintiff received her annual performance review in February 2001. Plaintiff was rated "Does Not Meet Expectations," denied a pay step increase and given an improvement plan.  A review of Plaintiff's records indicates that during the year from February, 2000 to February, 2001 her percentage reads during the second half of the

3

year fell below her percentage of reads during her probationary period.

In March 2001 Plaintiff requested a light duty assignment due to problems with her knees. She was given a light duty assignment consistent with her medical restrictions. Defendants deny any discriminatory practices. Plaintiff was not subject to disparate treatment based on her gender or a hostile work environment. Defendants deny retaliating against Plaintiff for complaining for discriminatory actions. Defendants have offered legitimate, non-discriminatory reasons for its business decisions.

B. Uncontroverted Facts:

The following facts are established by admissions in the pleadings or by stipulations of counsel:

1. Plaintiff was been employed by the City of Cincinnati since 1989.

2. Plaintiff is a female.

3. Pursuant to a civil service test, Plaintiff was promoted into the Water Works Department on February 21, 2000.

4. Plaintiff was assigned to the Meter Reading position at a rate of $13.78 per hour for a 40-hour week plus overtime.

5. Plaintiff's probationary period lasted six months from February 2000 through August 2000.

6. Plaintiff passed her probationary period; the rating was given by David Richardson and reviewed by David Bennett.

7. Defendant, David Bennett was Plaintiff's Supervisor and works for the Defendant, City of Cincinnati,

8. On or about February 26, 2000, Plaintiff was denied a pay increase from Step One to Step Two by the Defendant, David Bennett.

9. Plaintiff did not return to work at Water Works after June 14, 2001.

10. Plaintiff filed charges with the Equal Employment Opportunities Commission and received a Notice of Right to Sue on February 1, 2002.

C.     Issues of Fact and Law:

    1.     CONTESTED ISSUES OF FACT:

        a.     Whether Plaintiff was subjected to disparate treatment and hostile work environment due to her gender.

        b.     Whether Plaintiff was retaliated against for complaining of sex discrimination.

        b.     The amount of damages Plaintiff shall be awarded if liability if found.

2. CONTESTED ISSUES OF LAW:

    a. The contested issues of law in addition to those implicit in the foregoing issues of fact are those issues raised in Defendant's Motion for Summary Judgment and in the jury instructions.

D.    Witnesses:

    1.   Plaintiff will call or will have available for testimony at trial those witnesses listed on Appendix A hereof.

    2.   Defendant will call or will have available for testimony at trial those witnesses listed on Appendix B hereof.

    3.   The parties reserve the right to call additional witnesses based upon any new documents and nonlisted rebuttal witnesses whose testimony could not reasonably be anticipated without prior notice to opposing counsel.

E.    Expert Witnesses:

    1.   The Plaintiff will not call any expert witnesses.

    2.   The Defendant may call by deposition Dr. Marguerite Blythe who will testify to Plaintiff's treatment and emotional distress claims.

D.    Exhibits:

    The parties will offer as exhibits those items listed herein as follows:

    1.   Joint Exhibits – Appendix C

    2.   Plaintiff Exhibits --Appendix D

    3.   Defendant Exhibits --Appendix E

E.    Discovery

    Deposition of Dr. Blythe to be scheduled by mutual agreement of the parties.

H.    Pending Motions:

    There are no pending motions.

I.    Miscellaneous Orders:

Motions in limine and jury instructions will be filed with the Court in accordance with its orders in this action.

## V.    MODIFICATION:

This Final Pretrial Order may be modified at the trial of this action, **or prior** thereto, to prevent manifest injustice. Such modification **may** be made by application of counsel, or on motion of the Court.

## VI.    SETTLEMENT EFFORTS:

The parties have made a good faith effort to negotiate a settlement.

## VI.    TRIAL TO A JURY

The parties have made a jury demand and trial will be to the jury.  Jury instructions, jury interrogatories and/or special verdict forms are to be submitted at least three (3) days prior to trial.

This 4th day of February, 2004.

_____
S. Arthur Spiegel
United States Senior District Judge


/s/ Ivan L. Tamarkin
Ivan L. Tamarkin (0023484)
Counsel for Plaintiff
830 Main Street, Suite 999
Second National Building
Cincinnati, Ohio 45202
(513) 381-6555

/s/ Augustine Giglio
Augustine Giglio
Nicole D. Quick (0065224)
Counsel for Defendants
City Hall, Suite 214
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3334

## APPENDIX A
## PLAINTIFF'S WITNESSES

1.  <u>Joanne Dunnom</u> -    Joanne Dunnom will testify to the allegations in the Complaint, the retaliation against her by David Bennett when she made complaints of sex discrimination, her lost wages, her lost income, her emotional stress and all other allegations in the Complaint.

2.  <u>Joshua Hicks</u> -    Josh Hicks is an Employee of the City of Cincinnati who used to work at the Waterworks.  Mr. Hicks will testify to several incidents he had with David Bennett.  He will testify that he's heard David Bennett make sexist remarks that women did not belong at the Waterworks.  Josh Hicks will also testify to the work of Sonya Mason and how she was treated differently by David Bennett and his work with Joanne Dunnom.

3.  <u>Joe Harrison, Sr.</u> -    Mr. Harrison will testify to his work at the City of Cincinnati, his position as President of Local Union No. 240 AFFCME and the complaint of Joanne Dunnom to him regarding David Bennett.  Mr. Harrison will further testify to the sexist attitude of David Bennett, Mr. Harrison's complaints to Ann DeGroot and Allison Pozinski and him personally witnessing David Bennett's demeanor and how he belittles and patronizes women employees in the Waterworks.

4.  <u>Marilyn Evans</u> -    Marilyn Evans will testify to her employment at the Waterworks, her contact with David Bennett, her EEOC charges with the City of Cincinnati regarding David Bennett and how David Bennett treated Marilyn Evans.

5.  <u>Allison Pozinski</u> -    Ms. Pozinski will testify to complaints made by Joe Harrison to her and to previous sexist discrimination at the City of Cincinnati.

6.  <u>Donna Garrison</u> -    Donna Garrison works for an Agency who are rehabilitation specialists.  She will testify to her conversations with David Bennett about Joanne Dunnom.

7.  <u>Mr. Dunnom</u> -    Mr. Dunnom is the Husband of Joanne Dunnom and will testify to his phone conversation with the Plaintiff on her last day of work when David Bennett referred to the Plaintiff as an "asshole."  Mr. Dunnom will also testify to her emotional stress, pain and suffering, and other damages that Joanne Dunnom incurred because of the discriminatory treatment.

Plaintiff reserves the right to call additional witnesses based upon any new documents or new witnesses listed by the Defendant which was not noticed to the Plaintiff during Discovery. Plaintiff further reserves the right to call additional witnesses, should the witnesses be necessary and witnesses could not have been contemplated by the Plaintiff during Plaintiff's rebuttal to the Defendants' testimony.

**APPENDIX B**
**DEFENSE WITNESSES**

1.  Patty Burke, c/o City of Cincinnati Solicitor's Office, 801 Plum Street, Cincinnati, Ohio 45202
    Ms. Burke is a Senior Administrative Specialist with the City of Cincinnati; she will address Plaintiff's allegations and the City's defense.

2.  Myrt Bohl, c/o City of Cincinnati Solicitor's Office, 801 Plum Street, Cincinnati, Ohio 45202
    Ms. Bohl is a Senior Administrative Specialist with the City of Cincinnati; she will address Plaintiff's allegations and the City's defenses.

3.  Kevin Moore, c/o City of Cincinnati Solicitor's Office, 801 Plum Street, Cincinnati, Ohio 45202
    Mr. Moore is a Supervisor, Water Customer Service with the City of Cincinnati; he will address Plaintiff's allegations and the City's defenses.

4.  Lou Martini, c/o City of Cincinnati Solicitor's Office, 801 Plum Street, Cincinnati, Ohio 45202
    Mr. Martini is a Supervising Field Service Representative with the City of Cincinnati he will address Plaintiff's allegations and the City's defenses.

5.  Dave Richardson, c/o City of Cincinnati Solicitor's Office, 801 Plum Street, Cincinnati, Ohio 45202
    Mr. Richardson is a Supervisor, Water Customer Service with the City of Cincinnati; he will address Plaintiff's allegations and the City's defenses.

6.  John Dearing, 8587 Donegal Drive, Cincinnati, Ohio 45236
    Mr. Dearing is a former Automotive Mechanic/Crew Chief with the City of Cincinnati; he will address Plaintiff's allegations and the City's defenses.

7.  Kim Colbert, c/o City of Cincinnati Solicitor's Office, 801 Plum Street, Cincinnati, Ohio 45202
    Ms. Colbert is a Customer Relations Representative with the City of Cincinnati; she will address Plaintiff's allegations and the City's defenses.

8.  David Bennett, c/o City of Cincinnati Solicitor's Office, 801 Plum Street, Cincinnati, Ohio 45202
    Mr. Bennett is a Supervisor, Water Customer Service with the City of Cincinnati; he will address Plaintiff's allegations and the City's defenses.

9.  Dr. Marguerite Blythe, 4903 Vine Street, Cincinnati, Ohio 45217
    Mr. Blythe is a physician who treated Plaintiff; she will address the causes of

Plaintiff's emotional stress.

**APPENDIX C**
**JOINT EXHIBITS**

I.      City of Cincinnati's Administrative Reg 25 – Sexual Harassment

II.     City of Cincinnati's ADA Handbook

III.    Monthly Meter Reading Statistics (1999, 2000, 2001)

IV.     Form 91-S Supervisor's Investigation of Employee Injury (4/17/00) & related City Physician's Reports (4/17/00, 4/24/00)

V.      Dunnom Probationary Employee Progress Report (5/12/00)

VI.     Form 91-S Supervisors Investigation of Employee Injury (5/30/00) & City Physician's Reports (5/30/00, 5/31/00, 6/2/00)

VII.    Dunnom Probationary Performance Evaluation (8/20/00)

VIII.   Dunnom Performance Evaluation (2/20/01)

IX.     Dunnom notes to Performance Evaluation (2/20/01)

X.      Dunnom Performance Improvement Plan (2/16/01)

XI.     AFSCME Grievance Report No. 3763 (3/2/01)
        Grievance Response (4/26/01 & 6/13/01)

XII.    Meter Reader Reviews:
        Larry Bischoff (6/00, 4/01)
        Rick Delaney (7/00)
        Verna Armstong-Sherman (8/00)
        Nick Becknell (12/00)
        Emil Clauss (7/00, 2/01)
        Marilyn Evans (4/00)

XIII.   Return to Work referral & attachment (4/18/01)

XIV.    Marc Galloway restrictions (3/20/01, 3/23/01, 4/10/01, 5/24/01, 5/31/01)

XV.     Marc Galloway letter (6-28-01)

XVI.    Medical records of Dr. Marguerite Blythe

XVII.   Myrt Bohl emails (4/12/01, 4/16/01, 4/19/01 (3), 5/3/01, 6/8/01)

XVIII.  CWW Memorandum of Understanding Meter Reading

## APPENDIX D
## PLAINTIFF'S EXHIBITS

1.  2/24/00 -    Plaintiff's promotion to Meter Reader.
2.  7/13/00 -    Defendant David Bennett's acceptance of non-discrimination policy.
3.  2000 -       Plaintiff's W-2 for the year 2000.
4.  2001 -       Plaintiff's W-2 for the year 2001.
5.  1999 -       City of Cincinnati's Affirmative Action program.
6.  3/12/96 -    Letter to Westfield Company from Dr. Pennick regarding Plaintiff's knee injury.
7.  7/21/00 -    Certified copy of Record of office visits to Dr. Pennick by Plaintiff.
8.  2001-        Medical records received from Greater Cincinnati Association of Physicians from 11-4-99 until 7-16-01
9.  2/20/01 -    Note from Bennett denying salary step for Plaintiff.
10. 2001 -       Records of Dr. Galloway, Group Health Associates, certified copy from 3/19/01 - 4/16/01.
11. 9/17/96 -    Letter from Dr. Pennick to City of Cincinnati regarding Plaintiff's knee injury.
12. 5/17/96 -    Note from Richard S. Biehl to Col. Sneider granting IWP for the Plaintiff.
13. Undated -    Medical records and Plaintiff's personnel file regarding Plaintiff's ankle sprain from Greater Cincinnati Association of Physicians, City Physicians and Sports Therapy Inc.
14. 2000 -       Medical records for Plaintiff's injury to her right knee from her medical file dated 5/3/00 - 6/2/00.
15. 7/16/01 -    Letter from Dr. Hines finding Plaintiff's has adjustment disorder due to work.
16. 5/17/01 -    Handwritten note from Plaintiff concerning retaliation by David Bennett.
17. 6/01 -       Handwritten notes from Plaintiff when told by Bennett not to talk to Denise.
18. Undated -    Handwritten note concerning Bennett's calling Plaintiff an "asshole."
19. Undated -    Three pages of handwritten notes by Plaintiff of continuing discrimination retaliation.
20. 6/5/01 -     Handwritten note by Plaintiff regarding Denise giving direction and agenda for the Plaintiff.
21. 5/14/01 -    Handwritten note where Plaintiff was told not to talk to Denise and note from 6/1/01 where other employees were told not to talk to the Plaintiff.
22. 7/2/01 -     Affidavit of Sonya Mason.
23. 7/20/01 -    Affidavit of Joe Harrison.
24. 8/24/01 -    Affidavit of Josh Hicks.
25. 7/18/01 -    Affidavit of Marilyn Evans.
26. 2001 -       Certified copy of Records of Dr. Blythe from 9/24/01 through

|     |           | 10/22/01. |
| --- | --------- | --------- |
| 27. | 2001 –    | Notes of advance transitions from 4/14/01 to 5/11/01. |
| 28. | Undated – | Handwritten note by Plaintiff referring to activities of a dog bite, a sprained ankle, a dead battery and a flat tire. |
| 29. | Undated – | Handwritten note by Plaintiff referring to a flat tire situation and conversations with Joe Harrison. |
| 30. | 7/9       | Fax transmission cover sheet from Donna Garrison to Myrt Bole, enclosing a copy of a letter from Dr. Galloway. |

**APPENDIX E**
**DEFENDANT EXHIBITS**

A.    City of Cincinnati PP & P Section 6.4 (Increase within pay range) & AFSCME Article 44 (General Wage Increases)

B.    City of Cincinnati's Administrative Reg 41 (ADA)

C.    City of Cincinnati's Return to Work Program Policy & Procedures Manual (1/23/01)

D.    Water Meter Reader Job Classification

E.    Form 91-S Supervisor's Investigation of Employee Injury (3/21/00) & related City Physician's Report (3/21/00, 3/22/00, 3/24/00, 3/29/00, 4/6/00)

F.    Dunnom Initial Safety Training (4/00)

G.    Form 91-S Supervisor's Investigation of Employee Injury (9/25/00) & related City Physician's Report (10/27/00, 11/2/00, 11/8/00)

H     Dunnom Employee Training Report (2/20/00 – 2/13/01)

I.    Dunnom Commercial Division Training Guide (2/20/02)* part of 2/20/01 evaluation

J.    Dunnom Time Records & Sick Incidents (2000 & 2001)

K.    Oral Reprimand (6/14/01)

L.    CHRIS Report & Meter Reader Reviews:
          Angela Settles (1/01, 7/01)
          Hazen Frick (12/00)
          James Kelly (5/00, 8/00, 3/01)
          David Bauer (2/00)
          Larry Bischoff (6/00, 4/01)
          Rick Delaney (7/00)
          Verna Armstrong-Sherman (8/99, 8/00, 4/01, 8/01, 9/02)
          Nick Becknell (12/00, 5/01, 3/02)
          Joshua Hicks (3/99, 8/99, 9/00, 2/02)
          Emil Clauss (7/00, 2/01)
          Mike Gaston (10/01, 12/00)
          Richard Heyob (2/00, 3/01, 2/02)
          Robert Sagers (12/00, 9/01)
          James Jackson (3/00, 4/01, 6/01, 3/02)

16

                Mark Estes (12/00, 2/02)
                Marilyn Evans (10/99, 4/00, 7/02)
                Kim Colbert (1/00, 3/01,1/02)
                Mike Cavanaugh (8/00, 7/01)

M.    City Physician's Report (3-21-01)

N.    Lou Martini note (3-14-01)

O.    Memo to Joann Dunnom (6-11-01)

P.    John Dearing note (6-14-01)

Q.    Dave Bennett note (6-14-01)