DRAFT

COPY

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement, made this __9__ day of __MARCH__, 2004 by and between Joann Dunnom, _____, Cincinnati, Ohio 4522_ (hereinafter "Plaintiff"), and David Bennett and the City of Cincinnati (hereinafter "Defendants"), c/o Rita McNeil, City Solicitor, 801 Plum Street, Cincinnati, Ohio 45202, is executed pursuant to the following terms:

(A)    In 2001, Plaintiff Joann Dunnom filed an action against defendants, David Bennett and the City of Cincinnati. This lawsuit is currently pending in the United States District Court, under Case Number C-1-01-624 where it is alleged that the Plaintiff is a Female and was employed as a meter reader in the Department of the Greater Cincinnati Water Works commencing in February 2000. She alleges as such she was subjected to disparate treatment and a hostile work environment for being female. In addition, Plaintiff alleged that she was retaliated against for complaining of sexual discrimination. In addition to allegations of violations of Federal law, she alleged claims of discrimination against both Defendants in direct violation of Ohio Revised Code Sections 4112.02 and 4112.99, and additionally, that the City wrongfully terminated Plaintiff.

(B)    Plaintiff Joann Dunnom and Defendants, David Bennett and the City of Cincinnati, wish to fully and permanently settle all differences and disputes relating to Plaintiff's employment and related claims between them.

**NOW, THEREFORE,** in consideration of the above circumstances and the mutual promises of the remaining parties hereto, the parties agree as follows:

1.    Plaintiff (i) agrees to dismiss with prejudice the cases numbered C-1-01-624 currently pending in the United States District Court for the Southern District of Ohio with costs to be borne by Plaintiff and any claims and charges filed with any state or federal agency; (ii) promises and agrees not to file any lawsuits or administrative charges relating to the issues concerning his employment with Defendants or any other claims which she, the Plaintiff, may have against Defendants which arose prior to the date of this agreement; (iii) hereby fully and completely releases Defendants, its councilmembers, agencies, departments, divisions and all of its employees as well as all other persons, corporations, their employees, agents, successors and assigns ("releasees") from any claims relating to Plaintiff's employment and separation from employment including any and all claims, Federal law and Ohio Statutory and Common law, and the public policy of Ohio including claims of sex, national origin, ancestry, handicap, disability, religion, race and age discrimination, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq., the Ohio Civil Rights Act, Chapter 4112 of the Ohio Revised Code ("O.R.C. "), Americans With Disabilities Act, the Employment Retirement Income Security Act (ERISA), 29 U.S.C. 2001, et seq., the Age Discrimination and Employment Act, any other claims, which have been, could be or could have been asserted by Plaintiff or on her behalf, in any form arising out of or connected with Plaintiff's employment and relationship with the Defendants including but not limited to any claims of breach of an implied or expressed employment contract, estoppel, tort claims, sexual harassment, and for all

PLAINTIFF'S EXHIBIT A

liabilities whatsoever whether now known, or unknown and which may have existed as of the date of this agreement by Plaintiff, and which relate to Plaintiff's employment with Defendants.

2. (a) In exchange for the dismissal of Case Nos. C-1-01-624 and the promises and releases of Plaintiff, Defendant, City of Cincinnati on behalf of itself and Defendant, Bennett agrees that it shall pay to the Plaintiff the sum of Thirty Thousand Dollars ($30,000.00) after expiration and non-revocation of the seven-day waiting period referred to in paragraph eleven (11). This payment of $30,000.00 shall be paid as follows: Defendant shall pay to Plaintiff the total sum of $19,000, (as more fully described in Paragraph 3 below) and attorneys fees to her attorney, Ivan L. Tamarkin, the sum of $11,000.00.

(b) Plaintiff will be credited with a one- time adjustment of Eighty (80) Hours of vacation time and Eighty (80) Hours of Sick time to her present accumulated Vacation And Sick time balance.

3. The parties in a good faith effort to apportion this settlement figure agreed to in 2(a) above make the following allocation of Plaintiff's $19,000: (a) $2500.00 for reimbursement of claimed costs of litigation paid by Plaintiff (b) $8250.00 for alleged loss wages ( past and/or future) and (c) $8250.00 for alleged pain and suffering or other damages.

4. The parties understand that the settlement payment may be subject to Federal, State and local taxes. Accordingly, Defendant, City of Cincinnati will issue a Form 1099 both to Plaintiff and to Plaintiff's counsel for each payment set forth above in the respective tax year. No W-2 will be issued by the Defendant. In the event that it is determined that such payment is taxable, Plaintiff shall be solely responsible for the payment of such taxes and agrees to hold the Defendant harmless for any tax or tax penalties that may be assessed.

5. It is understood and agreed that by entering into this settlement, the Defendants do not admit any liability nor violation of the Ohio Revised Code or of any other Federal or State statutory law or the public policy or common law of Ohio, including contract law, promissory estoppel, sexual harassment, and/or any of Plaintiff's rights. To the contrary, Defendants specifically deny committing any wrongful act, and has entered into this agreement solely in the interest of resolving all claims and issues related to Plaintiff's employment and separation from the Water Works Department of the City of Cincinnati and the claims set forth in Case Number C-1-01-624 of the United States District Court for the Southern District of Ohio.

6. The Plaintiff agrees that she understands her rights, and has been advised of the right to discuss this agreement with her counsel and acknowledges that she has reviewed the same with counsel and understands this agreement and enters into it voluntarily.

7. Plaintiff acknowledges that she has been given twenty-one (21) days to consider the terms of this agreement and also she has seven (7) days following the execution of this agreement to revoke this agreement and has discussed its terms with her attorney. If Plaintiff revokes this agreement, she must do so in writing to Defendant's counsel of record.

10. No party has waived any rights or claims that may arise after the execution of this agreement.

11. PLAINTIFF, BY SIGNING THIS AGREEMENT, UNDERSTANDS THAT SHE HAS WAIVED ALL CLAIMS AGAINST DEFENDANTS AND THEIR RESPECTIVE EMPLOYEES OR OTHER AGENTS, INCLUDING ALL CLAIMS TO REINSTATEMENT WITH THE GREATER CINCINNATI WATER WORKS, LOSS WAGES, BENEFIT OR PAYMENT OF ATTORNEY FEES OR OTHER DAMAGES AND HAS BEEN GIVEN TWENTY-ONE (21) DAYS TO CONSIDER THIS AGREEMENT AND SEVEN (7) DAYS FOLLOWING EXECUTION OF THIS AGREEMENT TO REVOKE THIS AGREEMENT AND CERTIFIES THAT SHE HAS ENTERED INTO THIS AGREEMENT KNOWINGLY, VOLUNTARILY AND AFTER HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL AND REVIEW THIS DOCUMENT IN ITS ENTIRETY.

**IN WITNESS WHEREOF**, the parties hereto have executed this Release and Settlement Agreement as to the day and year first noted above.

WITNESSES:

_[signature]_   Date: 3/9/04   _[signature]_
**JOANN DUNNOM**

_____ Date: _____   _____
**CITY OF CINCINNATI**
**By:**
**RITA L. MCNEIL**, City Solicitor,
on behalf of the City of Cincinnati

_____ Date: _____   _____
**CINCINNATI WATER WORKS**
BY: DAVID RAGER, DIRECTOR GCWW

_____ Date: _____   _____
**DAVID BENNETT**, INDIVIDUALLY